24 F.3d 251
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Elias ROBLES, Defendant-Appellant.
 No. CR 92-10218.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1994.*
Decided May 12, 1994.
 
 1
 Before: ALARCON and FERNANDEZ, Circuit Judges, and HILL, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Elias Robles was convicted of federal income tax violations under 2 U.S.C. Sec. 7206(1). The conviction was based on the net worth theory which contrasts opening and closing net worth. Robles offered no evidence in his behalf at the trial.
 
 
 4
 He appeals his conviction on two grounds: 1) the government's failure to investigate leads that might establish the existence of a cash hoard (which he now says he had at the beginning of the taxable period) required a judgment of acquittal despite the strength of the evidence affirmatively offered by the government; and 2) the trial court committed prejudicial error in misstating a date in one of the jury instructions.
 
 
 5
 We reject each contention and affirm the conviction.
 
 
 6
 I. THE ALLEGED FAILURE TO INVESTIGATE CASH HOARD LEADS
 
 
 7
 Robles was indicted for wilful evasion of income tax in 1985, 1986 and 1987. He was convicted on all three counts. The government established defendant's opening net worth as of December 31, 1984. It was established on the basis of numerous records, including tax returns filed by the defendant from 1982 through 1984. Defendant does not dispute either the method of calculation or its result.
 
 
 8
 Prior to his indictment, Robles had a number of discussions with the investigating IRS agent about his financial affairs before and after 1985. In those discussions, Robles mentioned income starting in mid-1985 from the sale of roosters (fighting cocks). He stated he had not reported that income for tax purposes because he didn't think he was required to do so. Although he told the agents he had owned some roosters before 1985 which had been confiscated by local authorities, he never mentioned any pre-1985 income from the sale of roosters. In the same discussions, defendant mentioned that he had owned two bars and a lunch truck before 1985. But he never mentioned receiving any unreported income from those bars and lunch truck before 1985. He never claimed to have had a cash hoard at any time.
 
 
 9
 Despite his failure to mention unreported income from either source before 1985, Robles now claims that the information he gave the government about possessing roosters and owning the bars and truck before 1985, were leads to a pre-1985 cash hoard.
 
 
 10
 Relying on some language in the Supreme Court's opinion in United States v. Holland, 348 U.S. 121 (1954), defendant claims that the failure to conduct a "reasonable investigation" of the "leads" that he provided is fatal to an affirmance.
 
 
 11
 In Holland, although the IRS agent had been provided with many leads to possible unreported income prior to the beginning of the tax year in question, the Court held that the agent's failure to conduct an investigation of the leads was not fatal to the conviction. In dicta, the Court intimated that in some situations a failure to conduct a reasonable investigation of clear and unambiguous leads provided by the defendant and others about preexisting unreported income might require an acquittal. But the Court when on to say that "where relevant leads are not forthcoming, the Government is not required to negate every possible source of nontaxable income peculiarly within the knowledge of the defendant." Id. at 138.
 
 
 12
 In this case, as demonstrated above, there were no relevant leads provided to the government. So, defendants reliance on Holland is misplaced and is rejected.
 
 
 13
 II. JURY INSTRUCTIONS.
 
 
 14
 Robles contends that the misreading of a date in jury instructions constituted plain error requiring reversal of his conviction. We do not agree.
 
 
 15
 When a party fails to make timely objections to jury instructions, this court reviews such instructions for plain error only. United States v. Kessie, 868 F.2d 1097, 1102 (9th Cir.1989). Rule 52 of the Federal Rules of Criminal Procedure defines the term "plain error" in this context. The Supreme Court reads Rule 52 to mean that the only types of jury instruction error requiring reversal are those "affecting substantial rights" (F.R.Crim.P.Rule 52(b); see also United States v. Olano, 113 S.Ct. 1770, 1776 (1993) (quoting F.R.Crim.P. 52(b)).
 
 
 16
 The record conclusively demonstrates that the error in question, the judges' misreading of an instruction, could not possibly have affected Robles' substantial rights.
 
 
 17
 It is worth describing what happened in some detail.
 
 
 18
 After defining to the jury the meaning of net worth and the way in which the net worth method of proof may be used in income tax cases, the court gave the jury five questions which must be answered in the affirmative before the jury could convict the defendant for tax deficiencies in any year. The judge phrased question 1 as follows: "determine the defendant's net worth on January 1, 1985--that is when the tax year began--and on January 31, 1985, when the year ended. How much did the defendant's net worth increase during that year?" (CT 707). (Emphasis supplied.)
 
 
 19
 The judge later went on to say that the same questions must be answered for the other years involved, 1986 and 1987 (CT 708). No objection was made to the instruction at any time prior to the jury verdicts.
 
 
 20
 The notion that the tax year should be measured from January 1 to January 31 was obviously a misstatement which could not have confused a reasonable jury even if it had not been offset by other language in the instructions. However, at two other places in the instructions the judge referred to the relevant period of time as the "calendar year 1985" (CT 701, 702). At other places the judge referred to the relevant period of time for each year as the "tax year" (CT 703, 709).
 
 
 21
 The requirement that the error must affect substantial rights is read to be a requirement that the error be shown to be prejudicial, so significant that it affected the outcome of the trial. United States v. Olano, supra, at 1778. And the defendant has the burden of persuasion on this issue. Id. Robles has not satisfied this burden.
 
 
 22
 When reviewing jury instructions for alleged error, this Court must look at whether the instructions taken as a whole were misleading or otherwise inadequately guided the jury in its deliberations. Kessie, 860 F.2d at 1101.
 
 
 23
 As demonstrated above, the instructions taken as a whole were neither misleading nor were they an inadequate guide to the jury. When viewed as a whole, it is abundantly clear that the trial court was referring to a tax year consisting of 12 calendar months and no reasonable jury could believe otherwise.
 
 
 24
 Moreover, even if the jury believed that the tax year mentioned in each indictment consisted of only the month of January, the defendant has not shown any prejudice resulting from such belief. Requiring the government to show any increase in net worth accrued in a single month would be beneficial to the defendant. The limitation would make conviction less likely.
 
 
 25
 The Supreme Court has told us that the discretion conferred by Federal Rule of Criminal Procedure Rule 52(b) should be employed only in those circumstances in which a miscarriage of justice would otherwise result or where the error "seriously affects the fairness, integrity or public reputation of judicial proceedings". Olano at 1779. Surely, the clearly unintentional and later-corrected misstatement as to the length of the tax year, neither resulted in a miscarriage of justice, i.e., the conviction of an innocent person, nor had any serious affect on the "fairness, integrity or public reputation" of the judicial proceedings in this case.
 
 
 26
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Hon. Irving Hill, Senior United States District Judge for Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3